UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| VIBERT FREDERICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:12-cv-00877-RCJ-PAL |
| vs. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a residential foreclosure avoidance case. Pending before the Court is a Motion for Summary Judgment (ECF No. 19). Because Plaintiff has not timely responded, *see* Local R. 7-2(d), and for the reasons given herein, the Court grants the motion.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Vibert Frederick gave lender Countrywide Home Loans ("Countrywide")[1] a $607,826 adjustable-rate promissory note (the "Note") to purchase a second home at 7870 Carolyn Lee St., Las Vegas, NV 89131 (the "Property"), which Note was secured by a deed of trust (the "DOT") against the Property held by trustee ReconTrust Co., N.A. (*See* DOT 1–4, Dec. 28, 2006, ECF No. 19-4, at 2; Second Home Rider, ECF No. 19-4, at 20; Adjustable Rate Rider, ECF No. 19-4, at 26). Recontrust filed a Notice of Default (the "NOD") based upon a default of

---

[1] Defendant Bank of America, N.A. ("BOA") is Countrywide's successor-in-interest.

unspecified amount as of August 1, 2009. (*See* NOD, Nov. 20, 2009, ECF No. 19-5).  Recontrust later rescinded the NOD. (*See* Rescission, Mar. 2, 2012, ECF No. 19-6).

Plaintiff sued BOA ans Select Portfolio Servicing, Inc. in state court for breach of contract and breach of the implied covenant of good faith and fair dealing, admitting default but alleging that Defendants violated a loan modification agreement by refusing to continue to perform under the agreement in favor of foreclosure. (*See* Compl. ¶¶ 7–16, Apr. 18, 2012, ECF No. 1-1).  Defendants removed and have now moved for summary judgment.

## II.     LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See*

*Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    ANALYSIS**

In a typical case, the rescission of an NOD means there is no longer any controversy over the propriety of foreclosure, unless a plaintiff wishes to pursue an *in rem* quiet title action to prevent a future foreclosure based upon a particular deed of trust. Here, however, Plaintiff also asks the Court for a declaration that the October 21, 2011 loan modification agreement remains legally binding. (*See* Compl. 6). That measure of relief has not been obviated by the rescission.

1 But Defendants have demonstrated that Plaintiff has failed to make a showing sufficient to
2 establish an element essential to the claim of breach, i.e., that there is any enforceable
3 modification agreement.  The Complaint itself is no evidence of the existence of such an
4 agreement, because it is not verified, and Plaintiff has failed to respond to the present motion
5 with any evidence.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 19) is GRANTED.

IT IS FURTHER ORDERED that the Clark shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge